The Honorable Ronald B. Leighton

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| PUGET SOUNDKEEPER ALLIANCE et al., | NO. 3:17-cv-05458-RBL |
| Plaintiffs, | JOINT MOTION TO ENTER CONSENT DECREE |
| and | |
| STATE OF WASHINGTON, | Noted For: **January 29, 2020** |
| Plaintiff-Intervenor | |
| v. | |
| UNITED STATES DEPARTMENT OF THE NAVY et al., | |
| Defendants. | |

Plaintiffs Puget Soundkeeper Alliance, Washington Environmental Council and the Suquamish Tribe, and Plaintiff-Intervenor State of Washington (collectively "Plaintiffs"), and Defendants United States Department of the Navy, et al., (the "Navy") (collectively the "Parties"), hereby move the Court for entry of a proposed Consent Decree, an executed copy of which is submitted to the Court simultaneously with the filing of this motion, as an attachment hereto. In support of this motion, the Parties state as follows:

JOINT MOTION TO ENTER CONSENT DECREE

NO. 3:17-CV-05458-RBL

1

DAVID KAPLAN
UNITED STATES DEPARTMENT OF JUSTICE
EVIRONMENT AND NATURAL RSOURCES DIV.
P.O. BOX 7611
WASHINGTON, DC  20044

1    1. Plaintiffs' and Intervenor's suit alleges, under the Clean Water Act citizen suit provision, 33 U.S.C. § 1365(a)(1), that hull cleaning by the Navy of the inactive aircraft carrier, ex-INDEPENDENCE, resulted in the discharge of pollutants from a point source into waters of the United States without a Clean Water Act permit, and that the Navy is likely to conduct such hull cleaning of other inactive aircraft carriers in Puget Sound.  The Navy cleaned the hull of ex-INDEPENDENCE at its prior mooring site in Sinclair Inlet at Naval Base Kitsap, Bremerton, Washington, to remove biological material to mitigate the risk that invasive species that may threaten listed species under the Endangered Species Act, 16 U.S.C. § 1531 et seq., would be introduced into other ecosystems when that ship was towed to a new location for dismantling. The Navy contends that a Clean Water Act permit was not required and that the Navy has not violated the Clean Water Act.  Entry of the proposed Consent Decree would result in resolution of this lawsuit as described in the Consent Decree.

2. Among other things, the proposed Consent Decree establishes a ten-year period during which the Navy will not conduct underwater hull cleaning in Puget Sound of the inactive ships covered by the Decree, except for cleaning needed to safely dry dock such a ship or conduct hull integrity testing. CD ¶¶ 1-2.  The proposed Consent Decree also requires the Navy to lay down a thin layer of clean sand on the floor of Sinclair Inlet underlying where the hull of ex-INDEPENDENCE was cleaned.  CD ¶ 5.  After the proposed Consent Decree is entered, the Parties would seek to resolve any attorney's fee claims, but preserve their right to litigate that issue if they cannot settle those claims.  CD ¶ 6.  The Court will retain jurisdiction over the Consent Decree until it is terminated.  CD ¶ 21.

3. The Court should approve a settlement if it is fair, adequate, reasonable and consistent with the applicable law. United States v. State of Oregon, 913 F.2d 576, 580-81 (9th Cir. 1990).  Where the United States or a State is a party to the Consent Decree, a court should pay deference to the agency's expertise and to the law's policy of encouraging settlement.  See, e.g., Securities and Exchange Commission v. Randolph, 736 F.2d 525, 529

JOINT MOTION TO ENTER CONSENT DECREE

NO.  3:17-CV-05458-RBL

2

DAVID KAPLAN
UNITED STATES DEPARTMENT OF JUSTICE
EVIRONMENT AND NATURAL RSOURCES DIV.
P.O. BOX 7611
WASHINGTON, DC  20044

(9th Cir. 1984); <u>Officers for Justice v. Civil Service Comm. of the City and County of San Francisco</u>, 688 F.2d 615, 625 (9th Cir. 1982).

    4. The entry of this Consent Decree is in the public interest and is the most appropriate means of resolving this lawsuit.

    THEREFORE, the Parties request that the Court sign and enter the proposed Consent Decree at this time.

    Respectfully submitted this January 29, 2020, by:

/s/ Richard A. Smith
Richard A. Smith
Meredith Crafton
Smith & Lowney, PLLC
2317 E. John St., Seattle, WA 98112
(206) 860-2883
Attorneys for Puget Soundkeeper Alliance
and Washington Environmental Council

/s/ Melody Allen
Melody Allen
Maryanne Mohan
Attorneys for the Suquamish Tribe
Suquamish Tribe
P.O Box 498
Suquamish, WA 98392
(360) 598-3311
Attorneys for Plaintiff Suquamish Tribe

ROBERT W. FERGUSON
Attorney General

/s/ Kelly T. Wood
Kelly T. Wood
Aurora Janke
Assistant Attorneys General
Washington Attorney General's Office
Counsel for Environmental Protection Unit
800 5th Ave., Suite 2000
Seattle, Washington 98104
(206) 326-5493
Attorneys for Plaintiff-Intervenor State of Washington

CONSENT DECREE

NO. 3:17-CV-05458-RBL

3

DAVID KAPLAN
UNITED STATES DEPARTMENT OF JUSTICE
EVIRONMENT AND NATURAL RSOURCES DIV.
P.O. BOX 7611
WASHINGTON, DC  20044

1. /s/ *David J. Kaplan*
   David J. Kaplan
   United States Department of Justice
   Environmental Defense Section
   P.O. Box 7611
   Washington, DC 20044
   (202) 514-0997
   David.kaplan@usdoj.gov

   Brian T. Moran
   United States Attorney
   Brian Kipnis
   Assistant United States Attorney
   700 Stewart Street, Suite 5220
   Seattle, WA 98101-1271

   Attorneys for Federal Defendants

JOINT MOTION TO ENTER CONSENT DECREE

NO. 3:17-CV-05458-RBL

4

DAVID KAPLAN
UNITED STATES DEPARTMENT OF JUSTICE
EVIRONMENT AND NATURAL RSOURCES DIV.
P.O. BOX 7611
WASHINGTON, DC  20044